# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JESSICA TURCOTTE | No. 1:22-cr-00097-JAW |

## GOVERNMENT'S SENTENCING MEMORANDUM

NOW COMES the United States of America, by and through Darcie N. McElwee, United States Attorney for the District of Maine, and Alisa Ross, Assistant United States Attorney, and submits this memorandum to assist the Court in determining whether the Defendant's offense level should be reduced for acceptance of responsibility under § 3E1.1 of the U.S. Sentencing Guidelines. Because the Defendant failed to abide by the conditions of her release and absconded from federal supervision for almost a year, the Government respectfully submits that the Defendant is not entitled to a reduction of her offense level under § 3E1.1 for acceptance of responsibility.

## PROCEDURAL HISTORY

On September 9, 2022, the Defendant waived indictment and plead guilty to making false statements to federal firearms licensees, in violation of 18 U.S.C. § 924(a)(1)(A), charged by way of an Information. (ECF No. 7.) On that same date, the Court released the Defendant on a personal recognizance bond with an order to comply with conditions of release. (ECF Nos. 9, 10.) Those conditions required the Defendant to submit to supervision by and report for supervision to the U.S. Probation and Pretrial Services Office, reside as approved by the supervising officer, not use or unlawfully possess a narcotic drug or other controlled substance, and participate in a program of

substance abuse counseling if directed by the supervising officer, among other things. (ECF No. 10.)  On February 15, 2023, the Court scheduled the Defendant's sentencing for April 5, 2023.¹  (ECF No. 25.)

On March 27, 2023, the Government filed a motion to revoke the Defendant's conditions of release, along with a declaration of the supervising officer.  (ECF No. 26, 26-1.)  In that motion, the Government asserted that the Defendant violated the conditions of her release by using cocaine and methamphetamine on several occasions, beginning in September 2022, and testing positive for the use of cocaine on two occasions.  (*Id.*)  Further, the Government alleged that the Defendant was directed by the supervising officer to participate in a 28-day inpatient substance abuse program at Crossroads and to reside at El Rancho, a sober living facility, following her completion of that program.  (*Id.*)  The Government asserted that, contrary to those instructions, the Defendant failed initially to report to Crossroads on her admission date, but then subsequently attended and completed the program.  (*Id.*)  The Government stated that after completing the program, the Defendant failed to report to the sober living facility, she absconded from federal supervision, and her whereabouts were unknown.  (*Id.*)

On March 27, 2023, the Court granted the Government's request for an arrest warrant for the Defendant.  (ECF No. 27.)  On March 31, 2023, the supervising officer filed a status report with the Court, indicating that the Defendant had absconded from supervision and was not responding to text messages or voicemail messages from the officer.  (ECF No. 30.)  A warrant remained outstanding for the Defendant until her arrest on February 6, 2024, by the U.S. Marshals Service in Jay, Maine.  (ECF No. 39.)

---

¹ Following an unopposed motion to continue the sentencing, and a phone conference with the parties, the Court canceled the sentencing hearing set for April 5, 2023.  (ECF No. 31-35.)

At the Defendant's initial appearance on February 7, 2024, the Defendant waived her right to a hearing on the Government's motion to revoke and conceded the violations alleged. (ECF No. 37.) A detention hearing was held on February 14, 2024, but was recessed pending additional information. (ECF No. 42.) On February 16, 2024, the Court (the Honorable U.S. Magistrate Judge John C. Nivison) granted the Government's motion for detention and issued an order detaining the Defendant. (ECF No. 48.) This matter is scheduled for sentencing on March 13, 2024. (ECF No. 47.)

On February 26, 2024, the U.S. Probation Office issued an amended revised presentence investigation report. (ECF No. 49.) The Government has no outstanding objections to the presentence investigation report. The Defendant objected to the removal of the reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. For reasons that follow, the Government respectfully submits that the Defendant is not entitled to a reduction of her offense level for acceptance of responsibility.

## LEGAL ARGUMENT

**A.** The Defendant is not entitled to a reduction for acceptance of responsibility when she absconded from pretrial supervision for almost a year, used illegal drugs on multiple occasions, and failed to follow court-ordered conditions of release.

Pursuant to U.S.S.G. § 3E1.1(a), "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense," the defendant's offense level is decreased by two levels. U.S.S.G. § 3E1.1(a). If the Defendant qualifies for a two-level decrease under § 3E1.1(a), and the offense level prior to that decrease is sixteen or higher, the offense level may be decreased by one more level "upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty,

3

thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently." U.S.S.G. § 3E1.1(b).

In considering whether a defendant qualifies under § 3E1.1(a) for a two-level decrease, some of the relevant factors include: whether the defendant "truthfully admit[ed]" the offense conduct and any relevant conduct; the "voluntary termination or withdrawal from criminal conduct or associations"; "voluntary surrender to authorities promptly after commission of the offense"; and "post-offense rehabilitative efforts (e.g., counseling or drug treatment." U.S.S.G. § 3E1.1, Appl. Note 1. When a defendant pleads guilty prior to trial and truthfully admits the offense conduct and relevant conduct (and does not falsely deny any relevant conduct), that is "significant evidence of acceptance of responsibility for the purposes of subsection (a)." *Id.* at Appl. Note 3. "However, this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility." *Id.* Therefore, a defendant who pleads guilty "is not entitled to an adjustment . . . as a matter of right." *Id.*

Here, the Government submits that the Defendant is not entitled to a reduction of her offense level under § 3E1.1 because she absconded from supervision prior to sentencing and failed to comply with the conditions of her release. Even though the Defendant plead guilty to the offense and completed an inpatient treatment program, her actions on pretrial release demonstrate that she has not terminated her criminal conduct or withdrawn from criminal associations. *See* U.S.S.G. § 3E1.1, Appl. Note 1. *See also United States v. McCarthy*, 32 F.4th 59, 63 (1st Cir. 2022) (citation and quotation marks omitted) ("Such post-offense conduct bears on the sincerity of a defendant's professed acceptance of responsibility.").

Not only did the Defendant continue to use illegal substances while on release, but she also failed to show up at the sober living house as required and fled from supervision shortly before sentencing. *See United States v. Thompson*, 80 F.3d 368, 371 (9th Cir. 1996) ("While her timely entry of a plea agreement and her statement at sentencing are strong evidence of her acceptance of responsibility, they are not so strong as to outweigh the fact that she absconded before sentencing."); *United States v. Fahm*, 13 F.3d 447, (1st Cir. 1994) (affirming the denial of acceptance of responsibility where the defendant absconded and was convicted of a federal crime while awaiting sentencing); *United States v. Smalls*, 458 Fed. Appx. 788 (11th Cir. 2012) (unpublished) (affirming the denial of acceptance where the defendant tested positive for cocaine on pretrial release).

After absconding from supervision, the Defendant did not turn herself in or contact her supervising officer. Rather, she continued to violate the court-ordered conditions of her release by failing to submit to supervision by and report to the U.S. Probation and Pretrial Services Office, and she was located and arrested by the Marshals Service. The Government submits that her actions on pretrial release and her decision to abscond from supervision prior to sentencing demonstrate that she is not entitled to a reduction for acceptance of responsibility.

## CONCLUSION

For the above reasons, the Government respectfully requests that the Court conclude that the Defendant is not entitled to a reduction in her offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility. The Government reserves its discussion of the application 18 U.S.C. § 3553(a) factors for the sentencing hearing.

Dated: March 6, 2024　　　　　　　　　Respectfully submitted,

DARCIE N. MCELWEE
United States Attorney

BY: **/s/ Alisa Ross**
　　　Alisa Ross
　　　Assistant U.S. Attorney
　　　United States Attorney's Office
　　　202 Harlow Street, Suite 111
　　　Bangor, ME 04401
　　　(207) 945-0373
　　　Alisa.Ross@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 6, 2024, I electronically filed Government's Sentencing Memorandum with the Clerk of Court using the CM/ECF system, which will send notification of such filing(s) to the following:

    Scott F. Hess, Esq.

                                      DARCIE N. MCELWEE
                                      United States Attorney

                                      BY: ***/s/ Alisa Ross***
                                        Alisa Ross
                                        Assistant U.S. Attorney
                                        United States Attorney's Office
                                        202 Harlow Street, Suite 111
                                        Bangor, ME 04401
                                        (207) 945-0373
                                        Alisa.Ross@usdoj.gov